UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-00387-JPH-MJD ) |
| B. HINTON Law Library Clerk, | ) ) |
| Defendant. | ) |

**ORDER SCREENING AND DISMISSING COMPLAINT AND
DIRECTING PLAINTIFF TO SHOW CAUSE**

### I.     Screening Standard

At the time he filed this action, plaintiff James E. Phillips was confined at Wabash Valley Correctional Facility ("Wabash Valley"). Because Mr. Phillips is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on any defendant. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

## II.  The Complaint

The complaint names a single defendant: Wabash Valley law library clerk B. Hinton. Mr. Phillips alleges that Ms. Hinton violated his Eighth and First Amendment rights by failing to e-file various papers in several civil rights cases. He alleges that Ms. Hinton refused to e-file his response to summary judgment in case numbers 1:23-cv-0046-JMS-MKK; 1:22-cv-2184-SEB-CSW; 1:22-cv-2268-RLY-MKK; and 1:22-cv-02321-TWP-MKK. For relief, he seeks monetary damages and injunctive relief.

## III.  Discussion

The Court construes Mr. Phillips' allegations as a denial of access to courts claim under the First Amendment.

The Court takes judicial notice of its docket and finds that in 1:23-cv-0046-JMS-MKK, defendants filed a motion for summary judgment on March 4, 2024. Mr. Phillips filed a timely response, affidavit, brief in support, and designation of evidence on March 18, 2024.

In 1:22-cv-2184-SEB-CSW, defendants filed their motion for partial summary judgment on April 9, 2024, and Mr. Phillips filed his response, brief, and evidence on May 2, 2024. Mr. Phillips also filed a surreply on Juclly 17, 2024.

In 1:22-cv-2268-RLY-MKK, defendants filed a motion for summary judgment on May 1, 2024, to which Mr. Phillips responded on May 16, 2024,

2

and filed a surreply on July 26, 2024. The Court granted defendants' motion on January 14, 2025.

After the defendants filed their motions for summary judgment in 1:22-cv-02321-TWP-MKK on July 3, and July 8, 2024, respectively, Mr. Phillips responded by filing a motion for summary judgment, brief in support, and designation of evidence, on July 26, 2024.

In all these cases, Mr. Phillips filed numerous ancillary motions in addition to his responses to the motions for summary judgment.

"Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). At the same time, however, prisoners do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, to prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted).

"To determine whether a plaintiff has meaningful and effective access to court, we require the plaintiff to identify: (1) a nonfrivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement." *Harer v. Casey*, 962 F.3d 299, 308 (7th Cir. 2020). Having reviewed the docket of each case, the Court concludes that Mr. Phillips' contention that Ms. Hinton refused

to e-file his papers is baseless. There has been no official act frustrating Mr. Phillips' litigation. Rather, Mr. Phillips has filed numerous documents in each of the above-mentioned cases. In sum, he has not been prevented from pursuing his legal claims.

The complaint must be dismissed because it does not "'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F .2d 1101, 1106 (7th Cir. 1984)). Mr. Phillips' denial of access claim against Ms. Hinton is **dismissed for failure to state a claim upon which relief can be granted.**

## IV.  Show Cause

Mr. Phillips shall have **through March 14, 2025,** in which to **show cause** why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Phillips fails to timely respond to this Order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**SO ORDERED.**

Date: 2/12/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41 CARLISLE,
IN 47838